JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| IN RE CHINA MEDICINE CORPORATION SECURITIES LITIGATION | Case No. 8:11-CV-01061-JLS (ANx)<br><br>CLASS ACTION<br><br>**FINAL ORDER AND JUDGMENT**<br><br>Judge:   Hon. Josephine L. Staton |

**ORDER APPROVING CLASS ACTION SETTLEMENT**

WHEREAS on May 3, 2013, the Parties to this Action entered into the First Amended Stipulation and Agreement of Settlement ("Settlement Agreement");

WHEREAS on May 16, 2013, the Court entered an Order preliminarily certifying for settlement purposes only a Class pursuant to Fed. R. Civ. P. 23(b)(3) (the "Preliminary Approval Order");

WHEREAS the Preliminary Approval Order also (*i*) ordered that notice be provided to potential Settlement Class Members, (*ii*) scheduled a Final Approval Hearing and briefing schedule, and (*iii*) provided those Persons identified as members of the putative Class with an opportunity either to exclude themselves from the settlement or to object to the proposed settlement;

WHEREAS, the Court held a Final Approval Hearing on December 6, 2013, to determine, among other things, (*i*) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate and should therefore be approved; (*ii*) whether judgment should be entered dismissing the Complaints on the merits and with prejudice in favor of the Defendants and as against all Persons who are Settlement Class Members; and (*iii*) whether and in what amount to award Lead Counsel Attorneys' Fees and Expenses;

NOW, THEREFORE, based on the submissions of the parties and Class Members, and on the arguments of counsel at the Fairness Hearing, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

**1.     Incorporation of Settlement Documents**. This Order Approving Class Action Settlement incorporates and makes a part hereof:

    (a)     the Stipulation of Settlement filed with this Court;

    (b)     Exhibits 1 through 5 to the Stipulation of Settlement; and

    (c)     the Notice and the Summary Notice, both of which were filed with the Stipulation of Settlement as Exhibits 2 and 4, respectively, and amended in

accordance with the Preliminary Approval Order, and approved by the Court on May 24, 2013.

The Stipulation of Settlement, all of its exhibits, the Notice and the Summary Notice shall be referred to collectively in this Order as the "Settlement Agreement." Unless otherwise defined in this Order, the capitalized terms in the Order have the same meaning as they have in the Settlement Agreement.

**2.     Jurisdiction**. The Court has personal jurisdiction over all Class Members (as defined below) and has subject matter jurisdiction over the Action, including, without limitation, jurisdiction to approve the proposed settlement and the Plan of Allocation, grant final certification of the Class and dismiss the Action on the merits and with prejudice.

**3.     Final Class Certification**. The Court finally certifies the following Class for settlement purposes:  The Court finds that the Class preliminarily certified in the Preliminary Approval Order meets all of the requirements of Federal Rule of Civil Procedure 23(b)(3) for the reasons set out in the Preliminary Approval Order.  The Court therefore finally certifies the following Class for settlement purposes:   all persons, entities, legal beneficiaries or participants in any entities who, during the period of February 8, 2006 to January 31, 2013, inclusive ("Settlement Class Period"), purchased, sold, exchanged, acquired, disposed of, transferred, or made any other Investment Decision involving the Company's Securities.[1]  The Class does not include:

a.     Persons who excluded themselves by submitting valid and timely Requests For Exclusion from the Class,;

b.     OEP Holdings; and

c.     the Defendants, including, as applicable, Defendants' family members, legal representatives, heirs, executors, successors, assigns, attorneys and current and former officers or directors.

---

[1]  Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

4. **Adequacy of Representation**. Lead Counsel and Lead Plaintiff adequately represented the Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23(a)(4) and the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 77z-1(a)(3)(B)(ii)) (the "PSLRA").

5. **Notice**. The Court finds that the distribution of the Notice, the publication of the Summary Notice and the notice methodology were all implemented in accordance with the Court's Preliminary Approval Order.  The Court further finds that the Notice, the Summary Notice and the notice methodology implemented pursuant to the Settlement Agreement and the Court's Orders (*i*) constituted the best practicable notice, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Actions, of the effect of this Settlement Agreement, including the Releases, of their right to object to the proposed settlement, of their right of to exclude themselves from the Class, and of the right of Class Members to appear at the Final Approval Hearing, (*iii*) were reasonable and constituted due, adequate and sufficient notice to all Persons entitled to receive notice and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Class Action Fairness Act, the Rules of the Court and any other applicable law.

6. **Final Settlement Approval**. The terms and provisions of the Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate, consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court and any other applicable law, and in the best interests of each of the Parties and the Class Members. The Parties are directed to implement and consummate the Settlement Agreement in accordance with its terms and provisions.  The Court approves the documents submitted to the Court in connection with the implementation of the Settlement Agreement.

7. **Plans of Allocation**. The Plan of Allocation is approved as a fair and reasonable method to allocate the relevant settlement proceeds among Class Members, and Lead Counsel and the Administrator are directed to implement and administer the Securities Plan of Allocation in accordance with its terms and provisions.

8. **Binding Effect**. The terms of the Settlement Agreement and of this Order and Final Judgment shall be forever binding on Lead Plaintiff, and all other Class Members, as well as all of their heirs, executors and administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns.

9. **Releases**. The Releases as set forth in SectionVI. of the Settlement Agreement, together with the definitions of Released Claims and Released Parties, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date and forever discharge, among other things, the Released Parties from any claims of liabilities arising from or related to the Released Claims. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10. **Permanent Injunction**. The Court permanently bars and enjoins (*i*) all Class Members (and their heirs, executors and administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns) from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration or other proceeding or order in any jurisdiction that is based upon, arises out of or relates to any Released Claims, including, but not limited to, any claim that is based upon, arises out of or relates to the Action or the transactions and occurrences referred to in the Complaints and (*ii*) all Persons from organizing any Class Members for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit that is based upon, arises out of or relates to any Released Claims, including, but not limited to, any

claim that is based upon, arises out of or relates to the Actions or the transactions and occurrences referred to in the Complaints; *provided however*, that notwithstanding anything in this paragraph, no Class Member shall be enjoined from filing, commencing, prosecuting, participating in, or receiving any benefits or other relief from a Proof Of Claim.

**11.    Securities Contribution Bar Order**. In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of any Released Claim belonging to the Class, including, but not limited to, any claim that is based upon, arises out of or relates to the Action, or the transactions and occurrences referred to in the Complaints (*a*) by any Person against a Defendant and (*b*) by the Company against any person or entity other than as set out in 15 U.S.C. §78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, (*a*) any Person, including, without limitation, is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Defendants any such claim for contribution, and (*b*) each and every Defendant is hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity, any such claim for contribution. Nothing in this Contribution Bar Order shall prevent a Defendant from seeking to enforce any agreement with the Carrier to pay the Settlement Payment.

**12.    Complete Bar**. The Court finds that the Settlement Agreement represents a good-faith settlement of all Released Claims of all Class Members sufficient to discharge the Defendants and the Released Parties of all Released Claims of all Class Members. To effectuate such settlement, the Court hereby enters the following bar:

(a)    Any and all Persons are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any Claim against any Released Party arising under state, federal or common law, however styled (whether for indemnification or contribution or otherwise denominated, including, without limitation, claims for breach of contract and for misrepresentation), where the alleged injury to such person or entity is

that person's or entity's alleged liability to the Class or a Class Member in the Action, whether such Claim is based upon, arises out of, or relates to any Released Claim belonging to the Class or a Class Member, including, but not limited to, any claim that is based upon, arises out of or relates to the Actions, or the transactions and occurrences referred to in the Complaints, whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, including, without limitation, any claim in which a person or entity seeks to recover from any of the Released Parties (*i*) any amounts such Person may become liable to pay to any of the Class Members and/or (*ii*) any costs, expenses, or attorneys' fees from defending any claim by any of the Class Members.  All such claims are hereby extinguished, discharged, satisfied and unenforceable, subject to a hearing to be held by the Court, if necessary.  The provisions of this paragraph are intended to preclude any liability of any of the Released Parties to any Person for indemnification, contribution, or otherwise on any claim based upon, arising out of, or relating to any Released Claim belonging to the Class or a Class Member, where the alleged injury to such person or entity is that person's or entity's alleged liability to the Class or a Class Member in the Actions, including, but not limited to, any claim that is based upon, arises out of or relates to the Actions, or the transactions and occurrences referred to in the Complaints.

(b) China Medicine is permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any person or entity (including any other Releasee) arising under state, federal, or common law, however styled, whether for indemnification or contribution, or otherwise denominated, including, without limitation, claims for breach of contract and for misrepresentation, where the claim is based upon, arises out of, or relates to any Released Claim belonging to the Class or a Class Member, including, but not limited to, any claim that is based upon, arises out of or relates to the Actions, or the transactions and occurrences referred to in the Complaints, whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, including, without limitation, any claim in

which China Medicine seeks to recover from any person or entity, including another Released Party, (*i*) any amounts any such Released Party has or may become liable to pay to any of the Class Members and/or (*ii*) any costs, expenses, or attorneys' fees from defending any claim by any of the Class Members.  All such claims are hereby extinguished, discharged, satisfied, and unenforceable.  However, notwithstanding anything stated in this Complete Bar Order or in the Settlement Agreement, in the event that any person or entity (for purposes of this proviso, a "petitioner") commences against China Medicine any action asserting a claim that is based upon, arises out of, or relates to any Released Claim belonging to the Class or a Class Member, including, but not limited to, any claim that is based upon, arises out of or relates to the Actions, or the transactions and occurrences referred to in the Complaints and such claim is not barred by a court pursuant to paragraphs 11 and 12.a above or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Settlement Agreement shall bar claims by China Medicine against (*i*) such petitioner; (*ii*) any person or entity who is or was controlled by, controlling or under common control with the petitioner, whose assets or estate are or were controlled, represented or administered by the petitioner, or as to whose claims the petitioner has succeeded; and (*iii*) any person or entity that participated with any of the preceding persons or entities described in items (*i*) and (*ii*) of this proviso in connection with the conduct, transactions or occurrences that are the subject of the claim brought against China Medicine, or any person or entity that was involved in the issues and damages alleged by the petitioner.

    (c) If, notwithstanding the Bar Orders, a person or entity obtains a judgment against any of the Released Parties on any claim that is based upon, arises out of, or relates to any Released Claim belonging to the Class or a Class Member, including, but not limited to, any claim that is based upon, arises out of or relates to the Actions, or the transactions and occurrences referred to in the Complaints, or on any other claim, however denominated, to recover, directly or indirectly from such Released Party, (*i*) any amounts that the person or entity who obtains the judgment against the Released Party

might become liable to pay to any of the Class Members or (*ii*) any costs, expenses, or attorneys' fees that such person or entity might incur in defending any claim against him, her or it by any of the Class Members, the Class and the Class Members agree that they will reduce or credit any judgment or settlement (up to the amount of such judgment or settlement) that they might obtain against that person or entity by an amount equal to the amount of that person's or entity's judgment against the Released Party, which amount shall be credited to the Released Party.

(d) If a final judgment is entered in favor of a class certified in any of the Actions against any person or entity before the adjudication of such Person's claims against any Released Party, any funds collected on account of such judgment shall not be distributed to the class that has obtained the judgment, but shall be held in trust pending final adjudication of such claim, and such funds shall be used as a credit against any judgment rendered in favor of the person or entity against the Releasee as provided in paragraph 10.c above.

**13. No Admissions**. Neither this Order and Final Judgment nor the Settlement Agreement, nor any of the provisions of the Settlement Agreement or any negotiations leading to its execution, nor any other document referred to in this Order and Final Judgment, nor any action taken to carry out this Order and Final Judgment is, may be construed as, offered as, received as, used as or deemed to be evidence of any kind in any proceeding, or may be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any Person, including but not limited to the Defendant, or as a waiver by the Defendants of any applicable defense. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, offered as, received as, used as or deemed evidence of, an admission or concession as to the Defendants' denials or defenses and shall not be offered or received in evidence in these Actions any other action or any judicial, administrative, regulatory or other proceeding against any party hereto for any purpose whatsoever, except as evidence

of the settlement or to enforce the provisions of this Order, the accompanying Final Judgment and the Settlement Agreement; *provided, however*, that this Order and Final Judgment and the Settlement Agreement may be filed in any action against or by the Defendants or Released Parties to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. **Enforcement of Settlement**.  Nothing in this Order and Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

15. **Attorneys' Fees and Expenses**.  The Court's Order in connection with Lead Counsel's Request for Attorney's Fees and Expenses is set forth in the separate Order.

16. **Modification of Settlement Agreement**.  Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits attached to the Settlement Agreement as (*i*) are not materially inconsistent with the Final Order and Judgment and (*ii*) do not materially limit the rights of Class Members under the Settlement Agreement; *provided* that any modification in the Plan(s) of Allocation that involves an amount equal to or less than five percent (5%) of the total distribution amount involved in the Plan(s) of Allocation shall be deemed to be materially consistent with the Final Order and Judgment and shall be deemed not to materially limit the rights of Class Members under the Settlement Agreement.

17. **Retention of Jurisdiction**.  The Court has jurisdiction to enter this Order and Final Judgment. Without in any way affecting the finality of this Order and Final Judgment, the Court expressly retains continuing and exclusive jurisdiction over the Parties and the Class Members for all matters relating to the Actions, including the administration, consummation, interpretation, effectuation or enforcement of the

Settlement Agreement and of this Order and Final Judgment, and for any other reasonably necessary purpose, including, without limitation,

      (a)    enforcing the terms and conditions of the Settlement Agreement (including, without limitation, enforcement of the Complete Bar Order, the Contribution Bar Order and the permanent injunction);

      (b)    resolving any disputes, claims or causes of action that, in whole or in part are related to or arise out of the Settlement Agreement, or this Order and Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member, and whether claims or causes of action allegedly related to these Actions are or are not barred by the Final Judgment or the Release);

      (c)    entering such additional orders as may be necessary or appropriate to protect or effectuate the Court's Order and Final Judgment; and

      (d)    entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

**18.** **Dismissal of Actions**.  The Actions, including all individual claims and Class claims that have been made as to Defendants, are hereby dismissed on the merits and with prejudice as of the Final Settlement Date, without fees or costs to any Party except as otherwise provided in this Order and Final Judgment.

**19.** **If the Settlement is Not Effective.**  In the event that the Settlement Agreement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered shall be void to the extent provided by and in accordance with the Settlement Agreement.

**20.** **Entry of Judgment**.  Because it is in the best interests of the Class Members that the settlement proceeds be disbursed as soon as possible and because the Settlement Agreement resolves all claims as to the Released Parties, the Court finds that there is no just reason to delay the Final Judgment regarding the Settlement Agreement.

Accordingly, the Court directs that Final Judgment be entered in such cases in accordance with Federal Rule of Civil Procedure 58.

    SO ORDERED this seventh day of January 2014.

Dated:  January 7, 2014

                         JOSEPHINE L. STATON
                         ————————————————
                         Hon. Josephine L. Staton
                         United States District Court Judge